ORDER
PER CURIAM
AND NOW, this 18th day of April, 2017, the Petition for Allowance of Appeal is GRANTED. The issues, as stated by petitioner are:
(1) Whether the Superior Court’s holding directly conflicts with this Court’s holdings in Seebold v. Prison Health Services, Inc., 57 A.3d 1232 (Pa. 2012), and Althaus v. Cohen, 756 A.2d 1166 (Pa. 2000), admonishing courts of the Commonwealth to exercise great restraint when considering the creation of new duties, especially duties to the public-at-large?
(2) Whether the Superior Court’s holding directly conflicts with precedent in Estate of Witthoeft v. Kiskaddon, 733 A.2d 623 (Pa. 1999), which declines to impose limitless liability on healthcare providers for injuries allegedly caused by the provider’s failure to report to government a patient’s dangerous condition, and has profound public policy implications which mandates prompt and definitive resolution by the Supreme Court?
(3) Whether the Superior Court’s creation of a new duty to report based on the reporting requirements of the federal Controlled Substance *1262 Act (Act) conflicts with the intent of the Act and is against the public policy of this Commonwealth?
Justice Mundy did not participate in the consideration or decision of this matter.